1  JOSEPH P. RUSSONIELLO, CA NO. 44332
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

5     455 Market Street, 6th Floor
6     San Francisco, California 94105-2420
      Telephone:   (415) 744-8494
7     Facsimile:   (202) 481-1810 or (415) 744-6812
      Email:       edwin.joe@sba.gov
8
9  Attorneys for Federal Plaintiff

**FILED**

SEP 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10
                IN THE UNITED STATES DISTRICT COURT
11
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13
                 CV 08   80183 MISC   WHA
14
   UNITED STATES OF AMERICA,           )
15        Plaintiff,                   )  E-Filing
                                       )
16        v.                           )  Civil Case No. C08-02240 JSW
                                       )
17                                     )
   ROCKET VENTURES II, SBIC, L.P.      )  Stipulation for Receivership Order
18                                     )  and Consent Order
          Defendant.                   )  (Cover Page)
19                                     )
                                       )
20 _____)

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

C08-02240 JSW –
**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**

0

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Plaintiff, )<br>       )<br> v.       )<br>       )<br>ROCKET VENTURES II, SBIC, L.P. )<br>       )<br>   Defendant. )<br>       )<br>_____) | Civil Case No. C08-02240 JSW |

## STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States Small Business Administration, has filed and caused to be served upon defendant, ROCKET VENTURES II, SBIC, L.P., a complaint; and

WHEREAS, the parties desire to resolve the matter amicably and without further proceedings, trial or adjudication of any issue, and stipulate as follows:

1. That defendant ROCKET VENTURES II, SBIC, L.P. ("Licensee"), the holder of the U.S. Small Business Administration's ("SBA") Small Business Investment Company License No. 0979-0435, has a condition of Capital Impairment, as that term is defined under Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations");

2. That defendant Licensee failed to require that all private capital commitments be funded and, as a consequence, has consented to the appointment of SBA as Receiver for the purpose of continuing defendant's operations pursuant to the Regulations;

3. That this Court has jurisdiction over the subject matter of this action and over defendant;

4. That the only mutually agreeable method by which to distribute the assets of the Licensee to the appropriate creditors and SBA is through the appointment of SBA as the receiver of the Licensee pursuant to the following Consent Order of Receivership without further proceedings; and

5. To the entry of the following Consent Order of Receivership without further proceedings.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of the Licensee, and all of its assets and property, of whatever kind and wherever located, and the SBA is hereby appointed Receiver of the Licensee ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of the Licensee's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Licensee under applicable state and federal law, by the Limited Partnership Agreement, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees,

directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Licensee are hereby dismissed and the powers of any general partners are hereby suspended during the pendency of the receivership. Such persons and entities shall have no authority with respect to the Licensee's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Licensee and shall pursue and preserve all of its claims.

   3.  The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Licensee. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Licensee, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to the Licensee and all of the Licensee's assets and all other assets and property of the limited partnership, whether real or personal. The Licensee's general partner shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of the Licensee, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Licensee, as well as the names, addresses and amounts of claims of all known creditors of the Licensee. Within thirty (30) days following the entry of this Order, the Licensee's general partner shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of the Licensee are hereby directed to turn such assets and property over to the Receiver.

4.   The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Licensee, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution, with respect to a partnership interest to the Licensee, shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Licensee had received such payments.

5.   The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of the Licensee, to utilize SBA personnel, and to employ such other personnel, including the former managers of the Defendant, as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. The Licensee's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of the Licensee, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Licensee. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Licensee or any assets of the Licensee, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy

proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Licensee or any assets of the Licensee, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of the Licensee against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. The Licensee and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of the Licensee to the detriment of the Licensee or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

9. The Receiver is authorized to borrow on behalf of the Licensee, from the SBA, up to $1,000,000 and is authorized to cause the Licensee to issue Receiver's

Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of the Licensee, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of the Licensee.

10. This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and the Regulations, as alleged in the Complaint filed against the Licensee in the instant action, to obtain the relief so requested. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that the Licensee's SBIC license be revoked.

SEEN, STIPULATED AND AGREED:

**Rocket Ventures II SBIC, L.P., through its authorized representative**

By: /s/ David Adams
    David Adams
Title: General Partner
    Rocket Ventures SBIC Partners, L.L.C.
    General Partner of Rocket Ventures II SBIC, L.P.

Date: __8/25/08__

**United States Small Business Administration**

By: /s/ Thomas G. Morris

    Thomas G. Morris, Director
    Office of Liquidation
Date: __08-28-08__

date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of the Licensee, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of the Licensee.

10. This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and the Regulations, as alleged in the Complaint filed against the Licensee in the instant action, to obtain the relief so requested. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that the Licensee's SBIC license be revoked.

SEEN, STIPULATED AND AGREED:

Rocket Ventures II SBIC, L.P., through its authorized representative

By: _____
David Adams
Title: General Partner
Rocket Ventures SBIC Partners, L.L.C.
General Partner of Rocket Ventures II SBIC, L.P.

Date: 8/25/08

United States Small Business Administration

By: _____
Thomas G. Morris, Director
Office of Liquidation

Date: 08-25-08

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**                        7

**PURSUANT TO STIPULATION, IT IS SO ORDERED,**

DATED this __4th__ day of __September__, 2008.

_____
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE